J-S17009-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :             PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| AARON BRUNSON | : |
| | : |
| Appellant | : No. 779 EDA 2025 |

Appeal from the PCRA Order Entered March 11, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004492-2015

BEFORE: PANELLA, P.J.E., STABILE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:         **FILED JULY 8, 2026**

Aaron Brunson appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas on March 11, 2025, dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Because we agree with the PCRA court that Brunson's petition was untimely and he failed to plead and prove an exception to the PCRA time-bar, we affirm the order denying the PCRA petition.

Due to our disposition, a detailed recitation of the underlying facts of Brunson's conviction is not relevant to this appeal. We briefly note that Brunson was arrested on March 28, 2015, for his involvement in the gunpoint

_____

[*] Retired Senior Judge assigned to the Superior Court.

robbery of Kasheef Murray and Isaiah Brown and the accompanying shooting of Murray at his tattoo parlor in Philadelphia.

In May 2016, following a three-day trial, a jury convicted Brunson of aggravated assault, burglary, two counts of robbery, two counts of conspiracy, criminal trespass, and two counts of theft by unlawful taking.

On July 22, 2016, the court sentenced Brunson to an aggregate term of 25 to 50 years' incarceration. We affirmed Brunson's judgment of sentence on direct appeal and the Pennsylvania Supreme Court subsequently denied allowance of appeal on April 21, 2020. *See Commonwealth v. Brunson*, 52 EDA 2017, at *7 (Pa. Super. filed Oct. 21, 2019) (unpublished memorandum) (finding Brunson waived his challenge to Officer Patrick Heron testifying prior to Murray at trial regarding Murray's prior inconsistent statement from the hospital), *allocator denied*, 573 EAL 2019 (Pa. April 21, 2020).

In 2020, Brunson filed a timely first PCRA petition. Counsel was appointed and filed an amended petition raising claims of ineffective assistance of trial counsel. Pertinently, counsel also asserted that "new evidence of police misconduct has come to light since the conclusion of [] Brunson's trial, the availability of which would have impacted the verdict." Amended PCRA Petition, 2/23/21, at 2. Counsel asserted, as after-discovered evidence, that "the district attorney's office made available evidence of misconduct of two members of the Philadelphia Police Department who were involved in the investigation and/or testified at [] Brunson's trial." *Id.* at 7.

Specifically, counsel stated that the police misconduct file indicates that Officer Heron associated with a known prostitute, lied about that incident when confronted by other officers, and had otherwise twice fabricated information. *See id.* at 8. Accordingly, counsel asserted "Officer Heron's past conduct, along with the earlier information [] that indicates a much different series of events, could have changed the outcome of [] Brunson's trial." *Id.*

In a motion to dismiss, regarding the claim of after-discovered evidence related to Officer Heron, the Commonwealth argued as follows:

> In unrelated cases, Officer [] Heron was found guilty of fraternizing with a prostitute and falsely writing his supervisor's badge number on a form authorizing CCTV for the identification of a suspect. Here, however, Heron's role was limited to interviewing victim Murray at the hospital on the morning of the shooting. At trial, he testified that Murray reported that the robbers had demanded his winnings from the casino The officer prepared an incident report that night and later gave an interview stating the same fact. Importantly, [Officer] Heron made clear that Murray did not identify the perpetrators. The officer's testimony was then corroborated by Murray's own signed statement—taken by a detective—and Murray's testimony before the grand jury. Given the limited nature of Officer Heron's involvement and the availability of the same evidence from other sources, there is no reasonable likelihood that evidence of his unrelated misconduct would impact the outcome.

Commonwealth's Motion to Dismiss, 6/2/21, at 22-23 (record citations omitted). The PCRA court denied the petition, and this Court affirmed the denial. *See Commonwealth v. Brunson*, 1826 EDA 2021 (Pa. Super. filed Feb. 22, 2023) (unpublished memorandum). Notably, in its opinion submitted on appeal, the PCRA court agreed that no relief was due on Brunson's after-discovered evidence claim, because (1) the officer's alleged misconduct was

unrelated to the case, and (2) his role in the investigation was too collateral to impact the verdict. **See** Opinion, 4/25/22, at 16. However, Brunson abandoned this claim in his appellate brief, and accordingly this Court did not address this claim in our decision.

On September 17, 2024, Brunson filed the instant second *pro* se PCRA petition, claiming he is eligible for relief because of constitutional violations, ineffective assistance of counsel, improper obstruction by government officials of his right of appeal, and after-discovered evidence. Brunson merely checked off the boxes for these substantive claims and did not offer any facts or explanation of any of these claims for relief and instead requested the appointment of counsel or a private investigator to prove his innocence. Importantly, Brunson did not plead or prove any exceptions to the PCRA time-bar in the petition, nor did he even check off any of the three listed exceptions. **See** PCRA Petition, 9/17/24, at 3.

The Commonwealth filed a letter brief in which it argued that Brunson's claims were untimely and undeveloped, and Brunson was not entitled to the appointment of counsel on his serial PCRA petition. Accordingly, the Commonwealth argued Brunson's petition should be dismissed unless and until Brunson was able to plead and prove an exception to the time-bar and develop his claims.

On November 22, 2024, the PCRA court issued notice of its intent to dismiss Brunson's PCRA petition pursuant to Pa.R.Crim.P. 907. On January 8,

- 4 -

2025, Brunson filed a response to the Rule 907 notice, in which he invoked an exception to the PCRA time-bar based on claims of misconduct committed by Officer Heron; namely, Brunson asserted that he had recently become aware, around March 10, 2024, that the Philadelphia District Attorney's Office had chosen to charge former Officer Heron with more than 200 sexual offenses, many of which occurred while he was on the force. Brunson asserted that prior to these charges being made public, he was not aware of Officer Heron's heinous misconduct on and off the job, and that the Commonwealth failed to disclose evidence of Officer Heron's criminal activity to Brunson before, during, or after trial. Brunson also continued to request the appointment of counsel.

Two days later, Brunson filed a motion for discovery, seeking "any and all reports, documents, investigations, files, complaints, letters or other writings in the custody of the Philadelphia District Attorney's Office and/or the Philadelphia Police Department relating to Detective Patrick Heron, for the period from the date of his appointment as a police officer to the present." Motion for Discovery, 1/10/25, at 4.

The Commonwealth thereafter filed another letter brief to the court, arguing that while Brunson's after discovered evidence claim is based on newly-discovered evidence of Officer Heron's misconduct, the claim still fails because the new evidence of Officer Heron's misconduct would not have compelled a different result at Brunson's trial.

On March 11, 2025, the PCRA court held a hearing. Brunson first addressed his motion for discovery. After hearing argument from Brunson and the Commonwealth, the court denied the motion for discovery. As to the PCRA petition itself, the court explained that "the officer at issue, the alleged misconduct of that officer, frankly, has no nexus or impact upon this trial and your claims." N.T., 3/11/25, at 9. Aside from the alleged sexual misconduct committed by Officer Heron having no nexus to this case, the court further explained that this information would not be relevant because, not only was Officer Heron's participation in this case very limited, there was also an ample amount of corroborating evidence to what Officer Heron put in his report. *See id.* at 9-11. The court then denied the petition as untimely and lacking in merit. *See id.* at 11.

The court highlighted that the issue of Officer Heron's alleged misconduct was already addressed within Brunson's first PCRA petition, where he was entitled to counsel. Since this is his second petition, the court emphasized that Brunson is "not entitled to court-appointed counsel on your second round that's untimely and it was sufficiently addressed before." *Id.* at 13. The court acknowledged the change of circumstances with respect to Officer Heron being charged with the offenses at issue, but made it clear that "the offenses at issue, albeit abhorrent, certainly have nothing to do with your case at all." *Id.* at 13. The court then reiterated that it was denying both the motion for discovery and the PCRA petition. *See id.* at 14. A brief discussion

then took place during which Brunson accused the court of bias. **_See id._** The court explained that Brunson could hire an attorney, but otherwise his claims had been repeated and dismissed, and then excused the parties. **_See id._** at 15. Following the hearing, the court entered an order dismissing the PCRA petition.[1] This timely appeal followed.

Prior to reaching the merits of Brunson's claims on appeal, we must first consider the timeliness of his PCRA petition. **_See Commonwealth v. Miller_**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden

---

[1] "On a second or subsequent petition, when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, **and an evidentiary hearing is required as provided in [Pa.R.Crim.P.] 908**, the judge shall appoint counsel to represent the defendant." Pa.R.Crim.P. 904(D) (emphasis added). From a review of the record, it is clear that the March 11, 2025 hearing was not an "evidentiary hearing" within the meaning of Rule 904 or Rule 908. The court heard from Brunson regarding his request for discovery. However, as to the PCRA petition, the court merely explained why the court was dismissing the petition, after providing Rule 907 notice of its intent to dismiss. No evidence or argument was taken from either party. While Brunson attempted to dispute the decision, the court simply made its decision clear and then subsequently entered an order to that effect.

of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

The instant petition, filed over 8 years after Brunson's judgment of sentence became final, is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Brunson's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. The PCRA provides three exceptions to its time bar:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "[E]xceptions to the time-bar must be pled in the … petition, and may not be raised for the first time on appeal."

***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citation omitted).

Even liberally construed, we cannot find Brunson has met his burden to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. In fact, Brunson failed to plead and prove any exception to the time-bar at all in his petition.

As to Brunson's allegation of police misconduct, he first raised this issue in his response to the PCRA court's Rule 907 notice. At no point did Brunson file an amended petition asserting this time-bar exception, or request to do so. His claim of police misconduct fails for this reason alone. ***See Commonwealth v. Mason***, 130 A.3d 601, 627 (Pa. 2015).

Even if this claim had been properly raised in the petition, we observe the court correctly rejected the police misconduct claim as a basis for an exception to the time-bar.

Significantly, Brunson was clearly aware of Officer Heron's misconduct when he filed his first timely PCRA petition, as he raised Officer Heron's misconduct as a substantive after-discovered evidence claim. However, as stated above, Brunson chose not to raise this claim in his previous appeal to

this Court, despite the opportunity to do so. Accordingly, Brunson has known about Officer Heron's misconduct at least as early as 2020.

While we acknowledge that the actual charges being brought against Officer Heron are new, Brunson does not attempt to link the charges of misconduct to the circumstances of his case. While extremely troubling, it is simply not clear how Officer Heron's charges for sexual offenses relate to his taking of a statement from a witness in a hospital.

On appeal, Brunson asserts, as a newly discovered fact, that actual charges have been brought against Officer Heron for sexual misconduct offenses. Brunson asserts the facts upon which this claim is based were previously unknown to him and could not have been ascertained by the exercise of due diligence.

Section 9545(b)(1)(ii) "requires [a] petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of "due diligence." ***Commonwealth v. Bennett***, 930 A.2d 1264, 1270-72 (Pa. 2007). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008) (citation and brackets omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." ***Commonwealth v. Williams***, 35

A.3d 44, 53 (Pa. Super. 2011) (citations omitted). Further, the "fact" on which the petitioner predicates his claim to an exception to the time-bar must bear some logical connection to a plausible claim for relief. **See Commonwealth v. Robinson**, 185 A.3d 1055, 1062 (Pa. Super. 2018) (*en banc*).

Here, Brunson does not link the new fact, that Officer Heron has been charged with sexual misconduct offenses, to the circumstances of his case, beyond conclusory allegations without any support. The fact that Officer Heron has been charged with committing, albeit heinous, sexual offenses in other cases, is far from sufficient to establish that Officer Heron did anything specific in the instant case. As the PCRA court has explained, Officer Heron's role in this case was limited, and the information from the interview he reported from the hospital has been independently corroborated.

Under these circumstances, Brunson's claims of police misconduct does not qualify as an exception to the time-bar. Accordingly, because Brunson cannot satisfy the newly-discovered fact exception to the PCRA's jurisdictional time-bar, the PCRA court did not err in finding Brunson's petition untimely. We therefore affirm the PCRA court's order dismissing the PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>7/8/2026</u>